UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALVARO ANTONIO and <br> FIDELA ANASTACIO ANTONIO, <br><br> Plaintiffs, <br><br> vs. <br><br> WAL-MART and THERESA THEADEMAN, <br><br> Defendants. | 1:07-cv-006-JDT-TAB |

**ENTRY ON DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND (Doc. Nos. 17 & 40)**[1]

Plaintiffs Alvaro Antonio and Fidela Anastacio Antonio seek return of this litigation to the Marion County Superior Court where it was originally filed. This lawsuit arises out of the tragic death of their three-year-old son, Christopher Antonio. For the following reasons, the undersigned adopts the report and recommendation of Magistrate Judge Tim A. Baker on Plaintiffs' Motion to Remand.

If an objection is made to a magistrate judge's recommendation on a dispositive motion, the district judge must make a de novo determination on the record of those portions of the recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district judge may accept, reject, or modify the recommended disposition. *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

Defendants object to the legal standard applied by the Magistrate Judge on the matter of fraudulent joinder, the factual inferences drawn from the undisputed facts, and the conclusions of law.  First, they contend that the Magistrate Judge incorrectly characterizes their burden as requiring proof that "the Antonios would have no hope of prosecuting a claim against Theademan."  This sentence would impose too heavy a burden on the Defendants, if that were the standard applied.  But it is merely a paraphrasing of the correct legal standard that was in fact applied.  Perhaps Defendants' concern would have been alleviated had the Magistrate Judge inserted "reasonable" between "no" and "hope."  Regardless, as Defendants acknowledge, "[t]he court correctly notes that the party asserting fraudulent joinder does not have to negate every theoretical possibility of liability; it is enough to show that there is no "reasonable possibility" of individual liability against the non-diverse defendant.  This was the standard applied by the Magistrate Judge.  And Defendants have not made such a showing.

Defendants next contend that certain facts, e.g., those establishing that the mirror is a fixture, that it was not installed when Theademan was employed, or that she had responsibility for installation of store fixtures, fail to present a "reasonable possibility" that Theademan will be liable.  They seemingly overlook, however, the Magistrate Judge's conclusion that "[i]mproper installation is one possible source of negligence in this case."  (Rep. & Recommend. 4.)  But the Magistrate Judge found that there are other possible sources of negligence.

Defendants further object to the conclusion that there is no law in Indiana addressing a store manager's individual liability for negligence of the store. Conceding that there are no retail premises cases on point, they argue that under Indiana law a corporate officer or agent cannot be held personally liable for torts of the corporation or other corporate agent merely because of the agent's office or holdings. This is a correct statement of law. However, the Magistrate Judge did not conclude that Theademan could be held personally liable merely because of her office, as apparent from his discussion of the delegation of the premise owner's duties toward invitees. (*Id.* at 9-10.)

Accordingly, Defendants' Objections to Report and Recommendation on Plaintiffs' Motion to Remand (Doc. No. 40) are **OVERRULED** and the undersigned **ADOPTS** the Magistrate Judge's Report and Recommendation. The Plaintiffs' Motion to Remand (Doc. No. 17) is **GRANTED**. An order remanding this action to state court will follow.

ALL OF WHICH IS ENTERED this 27th day of September 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge Tim A. Baker

Thomas L. Davis
LOCKE REYNOLDS LLP
tdavis@locke.com

Douglas Ray Gwyther Jr.
CGT LAW GROUP INTERNATIONAL
dgwyther@cgtlaw.com

Bryan K. Harris
BRYAN K. HARRIS P.C.
bkharris@mac.com

Eric A. Riegner
LOCKE REYNOLDS LLP
eriegner@locke.com

Mikal C. Watts
WATTS LAW FIRM LLP
mcwatts@wattslawfirm.com

William E. Winingham Jr
WILSON KEHOE & WININGHAM
winingham@wkw.com